Piekarski & Brelsford, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix, AZ 85016
Phone: (602) 956-1161
Email: chris@pb-lawfirm.com
Fax: (602) 956-1161
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Darten Chatfield**, an unmarried man, | Case No.: |
| **Plaintiff,** | **Complaint** |
| vs. | (Unpaid Wages; Unpaid Overtime) |
| **Miller Transport, LLC**, an Arizona Corporation duly licensed to do business in the State of Arizona; **Donald Miller** and **Jane Doe Miller**, husband and wife | |
| **Defendants.** | |

Plaintiff, Darten Chatfield, by and through his undersigned counsel, submits the following claims:

**I.**

**JURISIDICTION AND VENUE**

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant Miller Transport, LLC. is an Arizona Corporation duly licensed to do business within the State of Arizona with its principle place of business located within the state of Arizona.

3. Defendants Donald and Jane Doe Miller are, upon information and belief, husband and wife and the owners and alter egos of Miller Transport LLC.

4. Plaintiff reserves the right to amend his complaint to add additional persons or entities when they become known to him.

5. All relevant activities took place within the State of Arizona.

6. This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq., and 13 U.S.C. 1367 for supplemental state law claims.

7. This action arises out of Defendant's violations of the Fair Labor Standards Acts, 29 U.S.C. 201 et seq.

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. The Defendant is an enterprise engaged in interstate commerce as defined by 29 U.S.C. 206(a).

10. Upon information and belief, the Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

11. As such, the Defendant is also a "covered enterprise" as defined by 29 U.S.C. 203(s) of the Fair Labor Standards Act.

12. The Plaintiff, by and through his employment, was engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. 207(a)(1).

13. As such, the Plaintiff is a covered employee under the Fair Labor Standards Act and entitled to one and one half her hourly rate of pay for hours worked in excess of forty hours per week.

14. Venue is proper pursuant to 28 U.S.C. § 1391.

## II.

## FACTUAL BACKGROUND

15. Plaintiff was employed by the Defendant between the spring of 2016 and June of 2018.

16. Plaintiff was employed as a delivery driver and his job duties consisted of delivering Home Depot purchases within a 125-mile radius of Safford Arizona.

17. During his employment, the Plaintiff was paid a weekly "salary" of $750.00 (Seven hundred fifty and 00/100 dollars) which was subsequently increased to $800.00 (Eight hundred and 00/100 dollars) after approximately one year of employment.

18. At all times during his employment with the Defendant, Plaintiff remained "non-exempt" under the "Fair Labor Standards Act', 29 U.S.C. 201 *et seq.,* (hereinafter "FLSA") which mandated that he be paid time-and-one-half of his hourly rate for all hours worked over forty (40) per week.

19. During his employment with the Defendant, Plaintiff traveled extensively throughout southern Arizona and was typically scheduled to work sixty hours per week.

20. The Plaintiff was never paid overtime for any hours worked in excess of forty hours per week.

## III.

## COUNT ONE

## (UNPAID OVERTIME)

21. All of the preceding paragraphs are incorporated herein by reference.

22. The Plaintiff's typical workweek consisted of six ten-hour shifts that began at 6:00 am and ended at 4:00 pm. As a result, the Plaintiff virtually always worked sixty hours or more per week.

23. However, the Defendant never paid the Plaintiff his overtime rate of pay for hours worked in excess of forty hours per week.

24. By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 201 et al..

25. As a result of the Defendant's actions, the Plaintiff has suffered damages in an amount to be proven at trial.

26. Because the Plaintiff's claims can be liquidated, he is entitled to interest at the statutory rate.

## IV.

## COUNT TWO

## (WILLFULNESS)

26. All of the preceding paragraphs are incorporated herein by reference.

27. The Defendant was aware of all hours worked and duties performed since it exercised exclusive control over the Plaintiff's work schedule.

28. The Defendant knew that the Plaintiff typically worked sixty hours or more per week.

29. The Defendant knew that the vast majority of tasks performed by the Plaintiff were labor intensive.

30. The Plaintiff lacked the authority to hire or fire employees.

31. The Plaintiff lacked the authority to contract on the Defendant's behalf or incur corporate debts without prior approval.

32. In addition, the Defendant failed to keep or maintain records for the hours worked by the Plaintiff as mandated by the United States Department of Labor.

33. Because the Plaintiff lacked independent discretion and decision making abilities while performing his job duties, he did not qualify under any of the relevant exceptions to mandatory overtime pay as defined by Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

34. The Defendant either knew or recklessly disregarded its obligation to pay mandatory overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

35. Because the actions of the Defendant were willful and deliberate, the Plaintiff is entitled to all unpaid overtime pay due and owing him for the preceding three years.

## V.

## COUNT THREE

### (Corporate Veil)

36. All of the preceding paragraphs are incorporated herein by reference.

37. Defendant Donald Miller is the founder and principal agent of Miller Transport.

38. In his capacity, Donald Miller, exercises complete control over the finances and allocation of resources of Miller Transport.

39. In his capacity, Defendant Miller has diverted corporate property of Miller Transport for personal use and for use unrelated to Miller Transport business.

40. Upon information and belief, Defendant Miller has undercapitalized Miller Transport and comingled personal funds with the funds of Miller Transport.

41. As a result of the unity of interest and ownership, Miller Transport operates as the alter-ego of Donald Miller.

42. Observance of Miller Transport's separate legal status would sanction a fraud and promote injustice under these circumstances.

43. As such, the corporate veil should be pierced whereby any and all liability imposed upon Miller Transport L.L.C. should be fully imputed to Defendant Donald Miller.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For all unpaid overtime wages due and owing the Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2. For a finding that the Defendant's actions were "willful" as defined by 29 U.S.C. 201 *et seq* of the Fair Labor Standards Act and subject to a three year look back period.

3. For the Plaintiff's reasonable attorney's fees and costs in bringing this matter; and

4. For such other relief as the Court may deem just and proper.

5. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

RESPECTFULLY submitted this <u>25th</u> day of February, 2019.

1
2
3
4   Piekarski & Brelsford, P.C.
    2633 E. Indian School Rd. suite 460
5   Phoenix, Arizona 85016

6   By: /s/ Christopher J. Piekarski
         Christopher J. Piekarski
7         Attorney for Plaintiff Chatfield
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28